OPINION
This appeal is taken by Defendant/Appellant Todd L. Tackett from the judgment entered by the Municipal Court of Shelby County finding him guilty of attempted obstruction of justice, sentencing him to ninety (90) days in jail and ordering a fine of $250.
On July 28, 1999, Todd L. Tackett was charged with Resisting Arrest, Obstructing Official Business and Disorderly Conduct. The charges apparently arose from an altercation Tackett had with officers outside of his home after one of his friends was arrested for drinking while under the influence of alcohol.[1] After a pre-trial meeting the State amended the charges to a single count of Attempted Obstructing Official Business, a misdemeanor of the third degree. On September 20, 1999, Tackett entered a plea of guilty to the amended charge.
The court ordered a pre-sentence investigation and continued the matter for sentencing. On November 10, 1999, the court sentenced Tackett to ninety (90) days in jail and ordered a $250 fine. On appeal from that conviction Tackett makes the following four assignments of error:
 The trial court erred to the prejudice of the appellant in accepting a plea from the appellant when the appellant was not fully informed as to all the consequences of said plea pursuant to criminal rule 11, and in failing to inquire and determine whether appellant's plea was entered voluntarily, intelligently and knowingly.
 The trial court erred in imposing a ninety (90) day sentence of incarceration on a misdemeanor of the third degree, which carries a maximum sentence of sixty (60) days.
 The trial court's maximum sentence of incarceration was an abuse of discretion because it was rendered without consideration of statutory factors.
 The trial court erred in prohibiting appellant from reviewing his pre-sentence investigation and probation report.
 We are unable to reach the issues in assignments of error one,three, and four because we do not have before us either anacceptable transcript of the proceedings in the trial court, or anacceptable substitute statement of evidence demonstrating theerror of which appellant complains in those particulars. SeeAppellate Rule 9(A)[2]; App.R. 9(B)[3]; Local App.R.5[4]; Steinmetz v. Steinmetz (April 18, 2000), Seneca App.No. 13-99-52, unreported. If a proper record should show that noCriminal Rule 11 proceeding was had as alleged by Tackett,reversal on an assignment of error claiming such would beappropriate but without a transcript or a substitute statement ofevidence, we have nothing to review.
Tackett's second assignment of error, properly before this court, claims that the trial court erred in imposing a ninety (90) day sentence because the maximum sentence allowable for a misdemeanor of the third degree is sixty (60) days. The record reveals that Tackett pled to Attempted Obstructing Official Business, a misdemeanor in the third degree. Penalties for misdemeanors are contained within R.C. § 2929.21. It reads in pertinent part:
 (B) Except as provided in division (G) of this section terms of imprisonment for misdemeanor shall be imposed as follows:
 (3) For a misdemeanor of the third degree, not more than sixty days.
According to the statute outlined above, someone convicted of amisdemeanor in the third degree may only receive a maximum ofsixty (60) days in jail. The record reveals that Tackett receiveda ninety (90) day sentence. Therefore, Tackett's sentence was notpermitted by the applicable statutes and was imposed in error.Therefore Tackett's second assignment of error is sustained andthe judgment of the Municipal Court of Shelby County is reversedand remanded for proceedings in accordance with this opinion.
 Judgment reversed and Cause remanded.
 ______________________________ BRYANT, PRESIDING JUDGE
HADLEY, P.J., and WALTERS, J., concur.
[1] The Prosecutor failed to file any brief in opposition tothis appeal. It left this court with barely any information shortof a dismal record from which to form this opinion much less anaccurate statement of facts.
[2] Appellate Rule 9(A) provides in pertinent part:
 The original papers and exhibits thereto filed in the trial court, the transcript of the proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases. * * * Proceedings recorded by means other than videotape must be transcribed into written form. When written form is certified by the reporter in accordance with App.R. 9(B), such written form shall then constitute the transcript of the proceedings.
[3] Appellate Rule 9(B) provides in pertinent part:
 The reporter shall certify the transcript as correct, whether in written or videotape form, and state whether it is a complete or partial transcript * * *.
[4] Local Appellate Rule 5 provides in pertinent part:
 (C)The certificate of the court reporter to a transcript of proceedings, as defined and set forth in Appellate Rule 9(A) and (B) must reflect attendance at the proceedings * * *.